```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


Sara Marie Rivas Colon    )
                          )
        Plaintiff,        )
                          )
        v.                )
                          )   C.A. No. 19-cv-01645-MAP
Andrew Saul,              )
Commissioner of Social    )
Security,                 )
        Defendant.        )
                          )
                          )
                          )
```

**MEMORANDUM AND ORDER REGARDING DEFENDANT'S DENIAL OF DISABILITY BENEFITS**

**November 25, 2020**

**PONSOR, U.S.D.J.**

This is an action for judicial review of a final decision by the Commissioner of Social Security, Andrew Saul ("Defendant"), regarding Plaintiff's entitlement to Social Security Disability and Supplemental Security Income Disability benefits. Jurisdiction is invoked pursuant to 42 U.S.C. Section 405(g).

1

Following a hearing, an Administrative Law Judge ("ALJ"), found, pursuant to the well-established five-part analysis, that Plaintiff: (1) met the insured status requirements of the Social Security Act; (2) was not engaging in substantial gainful activity and was unable to return to her past, relevant work; (3) suffered from severe impairments (specifically, degenerative disc disease, carpal tunnel syndrome, and generalized anxiety disorder); (4) suffered from no impairment that rose to the level of a listed impairment, which would have entitled Plaintiff to a finding of disability without further analysis; (5) retained the residual capacity to perform light work with certain limitations, despite her impairments.  Dkt. No. 12-1 ("R.") at 27-29.

Based on these findings, citing the evidence provided by medical and vocational experts, the ALJ concluded that jobs existed in significant numbers that Plaintiff could perform and thus she was not "disabled" as defined by the applicable statutes and regulations. R. 35.

The ALJ's memorandum details the medical records relied on in reaching this conclusion.  With regard to the claim of degenerative disk disease, the memorandum cites numerous

exhibits in the record suggesting Plaintiff's impairment was "only mild to moderate," that no significant limitations on range of motion existed, and that treatment had been "conservative," consisting mainly of non-narcotic pain medication.  R. 30. Regarding the claim of carpal tunnel syndrome, the memorandum cites record evidence confirming that Plaintiff suffered no disabling physical impairment.  These records were further confirmed by the evidence offered by Dr. Nelson Colon.  R. 31.

As for mental impairments, the ALJ's memorandum cited the testifying expert witness Dr. Annette De Paz, confirming that Plaintiff suffered from only "a moderate depressive disorder."  R. 31. Also cited was the evidence provided by Dr. Julio Mojica, a psychiatrist and consultative examiner.  R. 32.  The submissions of these two medical experts, in light of the medical evidence, supported the conclusion that, while Plaintiff suffered some affective impairments, these did not rise to the level of severity supporting a finding of disability.  R. 33.

Plaintiff's memorandum identifies "two egregious errors of law" undermining the denial of benefits.  First, the memorandum argues that "the Appeals Council refused to

3

address the arguments presented in the request for review of the ALJ's decision despite having received additional pertinent medical evidence...." Dkt. 13, at (unnumbered) 2. Second, the ALJ failed to consider "the need for frequent changes in position, causing 'off task' interruptions." Id.

The absence of any record evidence cited in Plaintiff's memorandum supporting either of these arguments is glaring. Nowhere does the memorandum specify the additional medical evidence presented to the Appeals Council or even attempt to describe how this evidence would have changed the no-disability finding. With regard to Plaintiff's physical limitations, the memorandum alleges that "[t]his record is permeated with complaints of pain, medical basis and treatment for that pain and the limitations complained about." Dkt. 13 at (unnumbered) 4. Not a single citation to the medical record is offered in support of this conclusory statement. In addition, the memorandum states that "the opinions of the treating physicians are all consistent and supportive of one another and, as such, were entitled to substantial weight." Id. at (unnumbered) 4-5. Later, the memorandum refers to "these three physicians"

offering assessments "that the Plaintiff is unable to work." Id. at (unnumbered) 5. Not one of these three treating physicians is even named in the memorandum, and no citation to the record is offered to document their supposed assessments.

Indeed, it is very difficult for the court to discern whether the arguments offered by Plaintiff's counsel in the memorandum are even applicable to this Plaintiff or this case. At one point, Plaintiff's memorandum states: "In this case, given the lack of record support for the finding that Mr. Mangini (sic) can perform the full range of sedentary work (sic), the ALJ improperly substituted his own opinion for those of the medical experts." Id. at (unnumbered) 4. This litigation, of course, asserts a claim on behalf of Ms. Rivas-Colon, not "Mr. Mangini" and addresses a finding that Ms. Rivas-Colon can perform light, not "sedentary" work.

In sum, the Commissioner's decision, as articulated in the ALJ's memorandum, is well supported by substantial evidence. Moreover, it is essentially uncontradicted by anything Plaintiff's counsel offers. The arguments set forth by Plaintiff's counsel in his memorandum, to the

extent they are even applicable to this case, entirely lack record support.

For the foregoing reasons, the clerk is hereby ordered to enter judgment for Defendant. This case may now be closed.

It is so ordered.

                                      **/s/ Michael A. Ponsor**

                                      **MICHAEL A. PONSOR**
                                      **U.S. DISTRICT JUDGE**